UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIX ELECTRIC, INC.<br><br>                              Plaintiff,<br><br>v.<br><br>QBE SPECIALTY INSURANCE COMPANY; and<br>DOES 1 through 10,<br><br>                              Defendant. | Case No.:  20cv295-CAB-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION RE: DISCOVERY DISPUTE AS UNTIMELY**<br><br>**[ECF No. 24]** |

Currently before the Court is Plaintiff's Motion on the Timeliness of the Parties' Discovery Dispute [ECF No. 24 ("Mot.")], and Defendant's Opposition on the Timeliness of the Discovery Dispute [ECF No. 25 ("Oppo.")]. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion as untimely.

## I.     RELEVANT BACKGROUND

On April 6, 2020, the Court issued a Scheduling Order which set September 4, 2020 as the deadline for completing fact discovery. ECF No. 12. On September 21, 2020, the parties filed a joint motion to amend the Scheduling Order. ECF No. 17. The parties stated that they needed additional time to complete the scheduled and anticipated depositions in this case and stated that "it became clear that leave of the Court to modify the Scheduling

Order is needed at this time and could not be done by stipulation." Id. at 2. The parties requested that the Court continue the deadline for fact discovery to be continued to October 16, 2020. Id. On September 22, 2020, the Court granted the parties' joint motion to amend the Scheduling Order and continued the fact discovery deadline to October 16, 2020. ECF No. 18. Expert discovery deadlines were also extended. Id. The Court stated in its September 22, 2020 Order that "[a]ll other requirements and deadlines set forth in this Court's April 6, 2020 Scheduling Order shall remain, and no further extensions shall be considered absent extraordinary circumstances." Id.

Subsequently, counsel informally stipulated, without Court approval, to schedule the depositions of two fact witnesses after the discovery cut-off, Mr. Gregory Stragier on October 21, 2020, and Mr. Tony Holden on October 23, 2020. Motion at 2; Oppo. at 2. Plaintiff states in the instant Motion that "[d]espite the extension, the earliest dates depositions of QBE's two key witnesses could be coordinated were after the new fact discovery cut-off." Motion at 2. The three emails that are the subject of the instant dispute are communications between the two deponents whose depositions were held after the discovery cut-off. Motion at 3; Oppo. at 4.

Counsel for Plaintiff first contacted the Court about the instant dispute on November 30, 2020. The Court set an informal discovery dispute conference with counsel for Plaintiff Michael Pepe and Eric Clarkson, and counsel for Defendant, John Morning the next day, on December 1, 2020. ECF No. 21. The Court subsequently issued a briefing schedule for the parties to set forth their respective positions on whether the dispute is timely in light of chambers rules, the Court's April 6, 2020 Scheduling Order, and the closing of fact discovery on October 16, 2020. See ECF Nos. 21; 12 at 3; 18 at 1.

///
///
///
///
///

## II. PARTIES' ARGUMENTS

### A. Plaintiff's Argument

Plaintiff states that the three emails[1] that are the subject of this dispute "were produced in July, and again by Envista in October, but redacted under the guise of the attorney-client privilege and attorney work product doctrine." Motion at 3. Plaintiff took the deposition of Mr. Stragier on October 21, 2020 and Mr. Holden on October 23, 2020. Id. at 2. Plaintiff states that it received the transcripts of the depositions of Mr. Stragier and Mr. Holden on November 6, 2020 and November 8, respectively. Id. Plaintiff argues that the instant discovery dispute is timely under the Scheduling Order and Civil Chambers Rules. Id. In support, Plaintiff states that "[w]hile the Scheduling Order states 'fact discovery shall be completed by' October 16, 2020, it clarifies that this only means discovery tools under Fed. R. Civ. Proc. 30-36, and 45, 'must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date.'" Id. Plaintiff further argues that "'completion' of fact discovery does not foreclose resolution of disputes that may arise close to the deadline but where compliance with other rules require the parties to delay bringing the issue to the Court's attention, as is the case here." Id. at 3-4.

Plaintiff also argues that the instant "dispute was brought to chambers on November 30, only twenty-two days after the pertinent transcripts had been completed." Id. at 4. Plaintiff further argues that "[i]t would have been impossible to raise this issue before fact discovery cut-off based on when these depositions took place and Helix's duties under the rules [described in Plaintiff's Motion]." Id.

Finally, Plaintiff argues that "[e]ven if the Scheduling Order and Civil Chambers

---

[1] Defendants state that two of the messages at issue were produced by QBE in redacted form in July 2020. Oppo. at 4. Defendants state that a third e-mail message, on August 12, 2019, was "first produced in redacted form by Mr. Holden in connection with his October 23, 2020 deposition." Id. Even if one of the documents at issue was produced for the first time in October 2020, the Court still finds the dispute is untimely for the reasons set forth below.

Rules can be interpreted to mean this dispute is potentially untimely, the Court has broad discretion over scheduling matters and the interests of justice are served by the minimal accommodation Helix seeks." Id. at 5 (internal citations omitted).  Plaintiff states that "the dispute is both narrow and critical to the case, making the accommodation of resolving it at this stage a just and considered result." Id. Plaintiff alleges that "QBE has – without justification – impeded discovery of these communications" and that these "issues only became clear upon the deposition of Mr. Stragier and document production from Mr. Holden on October 21, 2020 and Mr. Holden's deposition on October 23, 2020." Id.

### B. Defendant's Argument

Defendant argues that:

> [The instant discovery dispute] involves at least two documents (e-mail messages from June 25 and August 23, 2019) that were first produced by defendant QBE Specialty Insurance Company in redacted form in March 2020 in connection with QBE's initial Rule 26 disclosures. On July 8, 2020, QBE again produced the documents in response to Helix's initial inspection demands, also in redacted form, and with a privilege log which described the participants to the communications and the bases for QBE's assertion of the attorney-client privilege and attorney work product doctrine. Thus, by at least July 2020, Helix was aware the redacted items included communications among QBE's in-house claim-handler, Greg Stragier and its outside counsel with the law firm Mound, Cotton, Wallan & Greengrass LLP, Jonathan Gross, Esq. and Natalie Vu, Esq. as well as QBE's retained third-party forensic investigator, Tony Holden of Envista Forensics. Accordingly, by July 2020, Helix was alerted to the grounds for it to contest QBE's assertion of privilege, i.e., that QBE purportedly waived any applicable privilege, or none ever existed, due to the inclusion of Mr. Holden in these communications.

Oppo. at 2. Defendant further argues "[n]otwithstanding Helix learning this information at least by July, Helix did nothing to contest QBE's assertion of privilege at the time or pursue an order compelling production of the unredacted documents." Id. Defendant states that "[i]nstead, Helix waited until taking the depositions of Mr. Stragier and Mr. Holden in late October to perform some cursory questioning regarding the content of the documents (to which QBE again objected) and then pursue an informal discovery conference with the

Court regarding QBE's failure to produce the unredacted documents." Id. Defendant argues in sum that "[b]ecause QBE first served its privilege objection in connection with the e-mails on July 8, 2020, Helix's current attempt to pursue a discovery motion concerning the messages is plainly belated and runs afoul of the Court's Scheduling Order." Id. at 3. Finally, Defendant argues that "there is no good cause for the Court to exercise its discretion to allow Helix to pursue an untimely motion to compel." Id.

### III. LEGAL STANDARD

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." See Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. at 610 (internal quotation marks and citation omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id. Further, Rule 29 provides that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b).

Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). To determine whether missing a deadline constitutes excusable neglect, the Ninth Circuit applies the factors set forth by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Id. at 395;

Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. Pioneer, 507 U.S. at 395. The weighing of Pioneer's equitable factors is left to the discretion of the court. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir.2004).

## IV.     DISCUSSION

As an initial matter, Plaintiff concedes that the three emails that are the subject of this dispute were produced by QBE in July 2020, and again by Envista in October 2020, but redacted on the basis of the attorney-client privilege and attorney work product doctrine. Mot. at 3. As set forth in Judge Lopez's Chambers Rules, "[a]ny motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. . . . For written discovery, the event giving rise to the discovery dispute is the date of service of the response, or the passage of a discovery due date without response or production, not the date on which counsel reach an impasse in meet and confer efforts." Judge Lopez's Civil Chambers Rules, Section V.C. Accordingly, by July 2020, Plaintiff was aware of Defendant's claim of the attorney-client privilege and attorney work product protection over the disputed communications, but did not raise any such issue with the Court until November 30, 2020. Plaintiff argues that "[i]n redacted form [the documents] appeared to be protected by privilege, but the depositions of Mr. Stragier and Mr. Holden confirmed that there was no basis for QBE to assert a claim of privilege as to those emails." Motion at 3. Notably, Plaintiff fails to provide any explanation or factual support of what additional information was allegedly gained during the October depositions to support this broad conclusion.

Additionally, the Scheduling Order in this case set a fact discovery deadline of October 16, 2020. ECF No. 18. As set forth in Rule 29, "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b). Plaintiff's argument that it deposed the

two witnesses at issue "on the earliest dates possible (on October 21, 2020 and October 23, 2020)," is unconvincing as Plaintiff fails to provide any factual support regarding why these depositions were scheduled after the discovery cut-off set by the Court. In fact, in the parties' joint motion to amend the Scheduling Order filed on September 21, 2020, which the Court granted, the parties stated that they needed additional time to complete the scheduled and anticipated depositions in this case and stated that "it became clear that leave of the Court to modify the Scheduling Order is needed at this time and could not be done by stipulation." ECF Nos. 17 at 2; ECF No. 18. Plaintiff could have reasonably filed a motion for the appropriate extension for the remaining two depositions, but it did not. See Rosado v. Alameida, No. CV 03-1110-J (POR), 2006 WL 8455351, at *2 (S.D. Cal. Dec. 18, 2006) ("[C]ounsel should have requested leave from the Court to seek discovery beyond the discovery cut-off date.").

The Court also finds that Plaintiff failed to diligently seek compliance with the deposition notices served on Mr. Stragier and Mr. Holden even if they were issued prior to the close of fact discovery. Assuming that Plaintiff served the subpoena on Mr. Stragier and Mr. Holden before fact discovery ended, Plaintiff did not diligently seek to obtain production or complete the depositions by October 16, 2020. After the discovery deadline of October 16, 2020 came and went, Plaintiff states that in preparation for the late-scheduled depositions of Mr. Stragier and Mr. Holden, "[n]either QBE nor Envista produced documents in response to the subpoena issued to Mr. Holden until the evening of October 21, 2020, after the deposition of Mr. Stragier." Mot. at 3. Plaintiff further states that "[n]o privilege or redaction log was provided, but documents including emails between Mr. Stragier and Mr. Holden were redacted." Id. Plaintiff was aware that the fact discovery deadline had passed, but failed to raise the issue with the Court on that date. Plaintiff also failed to raise the issue with the Court on the day of, or even a few days after the depositions. Notwithstanding this failure, Plaintiff claims in the instant Motion that the depositions "confirmed that there was no basis for QBE to assert a claim for privilege as to those emails." Motion at 3. Instead, Plaintiff concedes that it waited "twenty-two days

after the pertinent transcripts had been completed" to raise the issue with the Court. Motion at 4. Plaintiff's reliance on the Civil Chambers Rule V.C. which provides that motions related to oral discovery disputes are to be filed within thirty days of the completion of the transcript of the relevant portion of the deposition is without merit as that rule applies to depositions held within the discovery deadline. Plaintiff's argument completely ignores that Plaintiff informally stipulated to hold depositions after the fact discovery deadline, and then did not act diligently to raise the issue with the Court in a timely manner. Plaintiff's belated effort does not cure its lack of diligence before the fact discovery ended. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006) ("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand.").

Because the Court finds that Plaintiff did not diligently seek Mr. Stragier and Mr. Holden's compliance before the fact discovery deadline and failed to obtain the Court's permission to pursue the compliance after fact discovery ended, any discovery motion arising from the related production and deposition testimony is untimely. See Cornwell v. Electra Cent. Credit Union, 439 F.3d at 1027 ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent."); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Having found the discovery motion to be untimely, that would be sufficient to end this inquiry because no motion has been made to amend the scheduling order with respect to the depositions of Mr. Stragier and Mr. Holden. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 608–09 (confirming that courts appropriately deny motions filed after a scheduling order cut-off date solely on the ground of being untimely); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir.1985), superseded by statute on other grounds as recognized in MHC Fin. Ltd. P'ship v. City of San Rafael, 714

F.3d 1118, 1125 (9th Cir.2013) (affirming a district court's denial of a late-filed motion for summary judgment as untimely because the moving party never requested a modification of the pretrial order to allow the filing of their motion). However, the Court finds that even if Plaintiff had requested a modification of the scheduling order to allow the filing of an untimely discovery motion, the result would not change because Plaintiff has not demonstrated excusable neglect pursuant to the Pioneer factors. First, the Court finds that Defendant would suffer some prejudice by Plaintiff's untimely request for leave to file a discovery motion in that it would be required to pivot time from the completion of expert discovery and pretrial motion preparation, and spend time and resources on opposing a discovery motion.  This factor weighs against a finding of excusable neglect. Second, the Court finds the length of delay and potential impact on judicial proceedings weighs against a finding of excusable neglect because fact discovery ended over two months ago and dispositive motions are coming due in March. Third, the reason for the delay weighs against a finding of excusable neglect because first Plaintiff fails to explain why it did not raise the issue with the court when the disputed emails were first produced in July. Also, Plaintiff blames the delay on the late production of documents on October 21, 2020 in response to the subpoena issued to Mr. Holden, but this fails to acknowledge Plaintiff's responsibility to ensure compliance to hold the depositions before fact discovery ended or to seek assistance from this Court regarding the alleged late production in terms of the scheduling order. Fourth, whether Plaintiff acted in good faith is a neutral factor because the Court finds no indication that Plaintiff acted in bad faith. Weighing the factors together, the Court finds Plaintiff's untimely discovery motion is not the result of excusable neglect.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons cited above, the Court **DENIES** Plaintiff's Motion as untimely.

**IT IS SO ORDERED**.

Dated:  December 16, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge